**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**HEAFNER MOTORS, INC.**                                                                               **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO.: 3:15-cv-195-MPM-JMV**

**BELLSOUTH TELECOMMUNICATIONS,**
**LLC, d/b/a AT&T MISSISSIPPI and JOHN**
**DOES 1, 2 and 3**                                                               **DEFENDANTS**

## ORDER

This matter is before the court, *sua sponte*, to dismiss this cause of action for lack of federal jurisdiction as explained hereafter.[1] Such dismissal may be avoided by an amendment of the removal petition within seven (7) days of this order, asserting an appropriate basis for federal court jurisdiction.

The notice of removal in this case purports to found federal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332, but it does not adequately identify the citizenship of the parties. "The party asserting diversity jurisdiction must 'distinctly and affirmatively allege[ ]' the citizenship of the parties." *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F.Supp.2d 805, 807 (W.D. Tex. 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

The notice of removal merely states that Bellsouth Telecommunications, LLC is doing business as AT&T Mississippi, but makes no reference to the citizenship of Bellsouth Telecommunications, LLC's members. For diversity jurisdiction purposes, a limited liability company's citizenship is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

---

[1] Although Plaintiff has not argued a failure in this respect, the court must make an independent inquiry into its jurisdiction. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (Ginsburg, J., dissenting) (citing *Bender v. Willamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

Further, the notice of removal fails to state Plaintiff's principal place of business. The notice of removal states that "Plaintiff is a Mississippi for-profit corporation located in Panola County, Mississippi." "A corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business." *Wachovia Bank v. Schmidt,* 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1332(c)(1)).

Thus, it does not appear that this court has subject matter jurisdiction. Within seven (7) days of this order, the Defendant must amend its removal petition to properly state the citizenship of the parties and establish a basis for federal court jurisdiction. Failure to do so will result in the court dismissing the complaint for lack of subject matter jurisdiction.

**SO ORDERED** this, the 17th day of November, 2015.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**